IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| | ) Criminal No. 1:09-CR-335 |
| | ) |
| | ) Counts 1 - 6: Wire Fraud |
| UNITED STATES OF AMERICA | ) (18 U.S.C. § 1343) |
| | ) |
| v. | ) Counts 7 - 8: Mail Fraud |
| | ) (18 U.S.C. § 1341) |
| IBN MUQUADDIN SHAFI, | ) |
| | ) Counts 9 - 10: Illegal Monetary Transaction |
| Defendant. | ) (18 U.S.C. § 1957) |

## INDICTMENT

### July 2009 Term - At Alexandria

THE GRAND JURY CHARGES THAT:

At all times relevant to this indictment:

### General Allegations

1.  The defendant, IBN MUQUADDIN SHAFI ("SHAFI"), was a resident of Ashburn, Virginia, held himself out as a real estate developer, and did business as YASIK GROUP, LLC ("YASIK GROUP"), a Virginia limited liability corporation of which he was the manager and sole shareholder. SHAFI also did business as YASIK DEVELOPMENT INC.

2.  YASIK GROUP maintained office space at various times in Chantilly and Herndon, Virginia.

## COUNTS 1 – 6

(Wire Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

3. Paragraphs 1 and 2 of the General Allegations section of this Indictment are hereby realleged and incorporated as though set forth in full herein.

### The Scheme and Artifice and Its Purpose

4. From in or about November 2004 through in or about December 2007, in the Eastern District of Virginia and elsewhere, defendant SHAFI knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, transmitted by means of wire communications in interstate commerce certain writings, signs, and signals.

5. The purpose of the scheme and artifice was to obtain money illegally from victims by misrepresenting the nature of their real estate investments with SHAFI and thereafter to lull those victims into a false sense of complacency with respect to their investments and interest in the transactions.

### The Manner and Means of the Scheme and Artifice

6. In or about November 2004, SHAFI convinced investors Jonghyun C., Minsook Y., and Keunsung Y. to invest $300,000 in a land development project called the Belles at Malta located in Malta, New York. SHAFI told Jonghyun C. that the money would be used for clearing the land, permits, zoning, travel expenses, engineering drafts, and other expenses necessary to

2

prepare for further development land adjacent a nano technology company. SHAFI assured the investors that the $300,000 would be used directly for the project.

7. On or about March 7, 2005, Jonghyun C., Minsook Y., and Keunsung Y. signed a joint venture agreement with SHAFI. Jonghyun C., Minsook Y., and Keunsung Y. agreed to invest $300,000, in, according to the agreement, "a development in Saratoga County, New York" and were promised a return of $1 million for their investment. Initially, the $300,000 was supposed to be paid in $50,000 monthly increments over six months. However, because SHAFI continuously pressed for the payments, the investors paid SHAFI the entire $300,000 within three months.

8. In fact, without the investors' knowledge or consent, SHAFI spent all but approximately $30,000 of the investor funds on uses unrelated to the project, including payments for BMW automobiles used for personal purposes, rugs, artwork, spa treatments, meals, clothing, personal utilities, personal loan repayments, payments to investors in other projects, and a settlement payment in an unrelated civil case.

### The Use of the Interstate Wires in Furtherance of the Scheme and Artifice

9. On or about the dates listed below, in the Eastern District of Virginia and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, and attempting to do so, SHAFI did knowingly transmit and cause to be transmitted by means of wire communications, said wire communications occurring in interstate commerce, certain writings, signs, and signals, to wit, electronic posting files containing information related to the following checks drawn on the investors' account at M&T Bank and deposited into YASIK GROUP's account at Provident Bank in Herndon, Virginia:

| COUNT | DATE | ORIGIN | DESTINATION | CHECK |
|---|---|---|---|---|
| 1 | 3/7/05 | Fidelity National Information Services, Sterling, VA | Metavante Corporation, Milwaukee, WI | $30,000 check dated 3/4/05 |
| 2 | 3/9/05 | Fidelity National Information Services, Sterling, VA | Metavante Corporation, Milwaukee, WI | $160,000 check dated 3/7/05 |
| 3 | 3/10/05 | Fidelity National Information Services, Sterling, VA | Metavante Corporation, Milwaukee, WI | $10,000 check dated 3/10/05 |
| 4 | 5/4/05 | Fidelity National Information Services, Sterling, VA | Metavante Corporation, Milwaukee, WI | $10,000 check dated 4/28/05 |
| 5 | 5/17/05 | Fidelity National Information Services, Sterling, VA | Metavante Corporation, Milwaukee, WI | $5,000 check dated 5/16/05 |
| 6 | 5/20/05 | Fidelity National Information Services, Sterling, VA | Metavante Corporation, Milwaukee, WI | $10,000 check dated 5/19/05 |

(In violation of Title 18, United States Code, Sections 1343 and 2.)

## COUNTS 7 - 8

(Mail Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

10. Paragraphs 1 and 2 of the General Allegations section of this Indictment are hereby realleged and incorporated as though set forth in full herein.

### The Scheme and Artifice and Its Purpose

11. From in or about June 2005 through in or about April 2006, in the Eastern District of Virginia and elsewhere, defendant SHAFI knowingly devised and intended to devise a scheme and artifice to defraud and obtain money by means of materially false and fraudulent representations and pretenses.

12. The purpose of the scheme and artifice was to obtain money illegally from victim Leslie D. by misrepresenting the nature of her real estate transaction with SHAFI.

### The Manner and Means of the Scheme and Artifice

13. On or about August 3, 2005, SHAFI, through YASIK GROUP, and Leslie D. executed a contract under which Leslie D. agreed to sell her property, including the house built thereon, located in Falls Church, Virginia to SHAFI in exchange for, among other things, YASIK GROUP's assumption of the mortgage on the property, the sum of $150,000 to be paid at settlement, free and clear title to a newly constructed house, and the right to live in the existing house until the new house was built. SHAFI represented to Leslie D. that he intended to raze her house, subdivide her property into two parcels, and build two new houses, one on each parcel.

14. SHAFI failed to make the promised mortgage payments. Eventually, he found a straw buyer to purchase Leslie D.'s property and promised her that she could continue to live in

the house. SHAFI told her that at the settlement money would be set aside to make the mortgage payments on the property while she continued to live in the house.

15.   On or around April 5, 2006, at the settlement of the transaction, $51,775.82 was paid out to SHAFI in connection with his submission to the settlement agent of a fabricated invoice reflecting charges for "consulting & contract services" and "new home design" services purportedly performed for Leslie D. Instead of using the money to make mortgage payments on the property, SHAFI used it for personal expenses including meals, clothing, and payments to his girlfriend and for unrelated business expenses.

16.   Leslie D. never received the $150,000 or the free and clear title to a new house SHAFI had promised her in the June 22, 2005 agreement.

17.   SHAFI did not make the mortgage payments on the property that he had promised to make. In or about June 2007, the lender, Freemont Investment & Loan, foreclosed on the property.

### The Use of the Mails in Furtherance of the Scheme and Artifice

18.   On or about the dates listed below, in the Eastern District of Virginia and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, and attempting to do so, SHAFI did knowingly cause to be delivered according to the direction thereon by the United States Postal Service and by a private and commercial interstate carrier a matter and thing as specified below:

| COUNT | DATE | ORIGIN | DESTINATION | DESCRIPTION |
|---|---|---|---|---|
| 7 | 4/7/06 | Fairfax, VA | Bethesda, MD | Notice of Intent to Release from Albanese & Associates, PC to Rosenberg & Associates, LLC |
| 8 | 4/27/06 | Herndon, VA | Baltimore, MD | Check in the amount of $51,775.82 from Provident Bank to the Federal Reserve Bank |

(In violation of Title 18, United States Code, Sections 1341 and 2.)

## COUNTS 9 - 10

(Illegal Monetary Transaction)

THE GRAND JURY FURTHER CHARGES THAT:

19. Paragraphs 1 and 2 of the General Allegations section of this Indictment are hereby realleged and incorporated as though set forth in full herein.

20. On or about the dates noted and in the manner specified below, in the Eastern District of Virginia and elsewhere, defendant SHAFI did knowingly engage in monetary transactions, in or affecting interstate commerce, in criminally derived property which, in fact, was derived from specified unlawful activity, namely the defendant's wire fraud scheme and artifice to defraud in violation of Title 18, United States Code, Section 1343:

| COUNT | DATE | DESCRIPTION OF MONETARY TRANSACTION AND APPROXIMATE SUM INVOLVED |
|---|---|---|
| 9 | 3/7/05 | SHAFI caused $30,000 to be deposited into the account of YASIK GROUP at Provident Bank (Acct. No. -7368) |
| 10 | 3/9/05 | SHAFI caused $160,000 to be deposited into the account of YASIK GROUP at Provident Bank (Acct. No. -7368) |

(In violation of Title 18, United States Code, Sections 1957 and 2.)

## FORFEITURE NOTICE

21.     Pursuant to Rule 32.2(a), the defendant is hereby notified that, if convicted of Counts 1 through 6, above, he shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a sum of money equal to $300,000 in United States currency, representing the amount of proceeds obtained as a result of the violations of 18 U.S.C. § 1343.

22.     Pursuant to Rule 32.2(a), the defendant is hereby notified that, if convicted of Counts 7 and 8, above, he shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a sum of money equal to $201,775.82 in United States currency, representing the amount of proceeds obtained as a result of the violations of 18 U.S.C. § 1341.

23.     The defendant is further notified that, if convicted of Counts 9 and 10, above, he shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in the offense, including a sum of money equal to $190,000.

(In accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1); Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

A TRUE BILL
Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

_____
FOREPERSON OF THE GRAND JURY

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Timothy D. Belevetz
Assistant U.S. Attorney